## RUSSELL *v.* LAUGHLIN and others.[1]

*(Circuit Court, D. Maine. February 18, 1886.)*

1. PATENTS FOR INVENTIONS—REISSUE.
   Application for a reissue having been filed within two months after the original patent was granted, *held*, that the patentees could not be charged with want of due diligence in making the application.
2. SAME—REISSUE MUST BE FOR SAME INVENTION.
   If the description in the original patent does not warrant the new claims in a reissue, then the reissue is for a different invention, and no amount of diligence in the application for the reissue can make it valid.
3. SAME—REISSUE NO. 10,418, OF DECEMBER 4, 1883—SHIPS' PUMPS.
   The combinations embodied in the new claims in this reissue are sufficiently described in the original patent. Such claims are valid, and the tenth, twelfth, and thirteenth claims *held* infringed.

In Equity.
*Wm. H. Drury* and *Clarence Hale*, for complainant.
*Charles A. Hawley* and *Wilbur F. Lunt*, for respondents.

COLT, J. This is a suit for infringement of reissued letters patent No. 10,418, dated December 4, 1883, granted to Albert Russell and

Reported by Charles C. Linthicum, Esq., of the Chicago bar.

Francis Curtis for improvements in ships' pumps. The reissued patent contains five new claims not found in the original. The original patent was dated March 20, 1883, and the application for a reissue filed May 18, 1883. Having applied for a reissue within two months after the original patent was granted, the patentees cannot be charged with want of due diligence in making the application. *Miller* v. *Brass Co.*, 104 U. S. 350; *Mahn* v. *Harwood*, 112 U. S. 354; S. C. 5 Sup. Ct. Rep. 174. Application for a reissue having been filed within a reasonable time, and there being nothing manifest upon the record to show that the omission did not arise through inadvertence, accident, or mistake, the new claims of the reissue may be sustained, provided there is nothing in them but what is found described in the original specification and drawings. *Mahn* v. *Harwood*, 112 U. S. 354; S. C. 5 Sup. Ct. Rep. 174. If the description in the original patent will not warrant the new claims, then the reissue is for a different thing from the original, and no amount of diligence in the application for the reissue can make it valid. *Coon* v. *Wilson*, 113 U. S. 268; S. C. 5 Sup. Ct. Rep. 537. In the present case we must find sufficiently described in the original patent the combinations which are embodied in the new claims of the reissue, if they are to be sustained.

The patented pump is one of the best ships' pumps known. In a large degree it has supplanted other pumps adapted for this special use. It belongs to the class which are termed piston pumps, and its general construction resembles that of the ordinary piston pump. It is simple, compact, and strong in its construction, and efficient in its workings. It dispenses with any framework and occupies but a small space. The barrel and base are cast in one piece; also the bail and bucket. One of its main features consists in having a bore or barrel whose length is less than its diameter, which makes the pump short and convenient for use on ships. The pump has certain special but minor features, such as the V-shaped edge of the bail of the bucket, to hold the V-shaped groove in the half beam; the method of lining the barrel; the dome-shaped construction of the bucket; and the rectangular groove, with its packing in the edge face of the bucket. The nine claims of the original patent were largely for combinations to cover these special and subordinate devices. The five additional claims in the reissue relate generally to the broader elements of the machine, and especially to the feature that the barrel must have a length not greater than the diameter. These new claims are as follows:

(10) A piston or bucket pump having a base or inwardly extending flange, C, cast therewith, and having a barrel whose length is not greater than the diameter thereof, substantially as specified.

(11) A piston or bucket pump having a base or inwardly extending flange, C, cast with the barrel, a barrel whose length is not greater than the diameter thereof, and a lining rolled into the barrel, substantially as specified.

(12) In a pump, the combination of a beam or half beam pivoted to the

pump within the circumference thereof, a piston or bucket, and a barrel the length of which is not greater than the diameter, substantially as set forth.

(13) In a pump, the combination of a beam or half beam pivoted to the pump within the circumference thereof, a piston or bucket, a barrel the length of which is not greater than the diameter, and a base or inwardly extending flange, C, cast with the barrel, substantially as set forth.

(14) In a pump, the combination of a beam or half beam pivoted to the pump within the circumference thereof, a piston or bucket, a barrel provided with a lining, the length of said barrel being not greater than the diameter thereof, the barrel having a base or inwardly extending flange, C, cast therewith, substantially as described.

The elements which comprise the combinations of these claims are distinctly set forth in the specification and drawings of the original patent. The drawings in both the original and reissue are identical, and they plainly show a barrel whose diameter is greater than its length. The original specification says: "Since this lining cannot easily be worked into a pump that has its bottom or base, C, cast on, and has a barrel of ordinary length, we make the pump short, by means of the devices herein specified." Again it says: "By thus dropping the outer edge and packing of the bucket as low down as possible with reference to the remainder of the bucket, the barrel of the pump may be made very short." One of the elements of claim 9 of the original patent is "a pump body whose bore is shorter than its diameter, for the purpose of most successfully lining it, as specified." It is apparent that the original specification sufficiently describes a pump whose barrel is shorter than its diameter. There is no question that the other elements in the additional claims found in the reissue are clearly set out in the original. Under the facts presented in this case, these additional claims must be held to be valid.

The question of infringement remains. The defendants' pump is the same in its general construction, though it does not possess some of the minor features of the patented pump. It has not the V-shaped edge of the bail of the bucket, nor is the bail cast in one piece with the body of the bucket. It has not the special lining nor the dome-shaped bucket of the patented pump. It has also a different packing. There are some other minor differences. The first nine claims of the patent are for combinations all of which embrace one or more of these special but minor features of the device. In the absence, however, of any of these features from the defendants' machine, there is no infringement of these claims.

The tenth claim is for a combination of a piston or bucket pump having a base or inwardly extending flange cast therewith, and having a barrel whose length is not greater than the diameter thereof, substantially as described. This is also the construction of defendants' pump. Unable to deny this, the defendants contend that the claim is void for want of novelty and want of invention. Undoubtedly in some prior pumps we find the diameter of the barrel greater than its length, and we also find pumps with an inwardly extending

flange at the bottom of the barrel, but in no prior pump do we find the inwardly extending flange of such construction that it can be used wholly for the base of the pump, and so do away with any framework about the pump. The prior state of the art shows no piston pump which combines the two elements found in this claim. The nearest approach is seen in the old Holly pump. In the Holly pump, the diameter of the barrel is greater than its length, and it has an inward extending flange. But the Holly pump rests upon a frame, and the flange does not serve as a base upon which the pump rests.

What was needed in a good ships' pump was to do away with any frame, and to make the pump small, compact, and short. This is done by making the flange at the bottom of the barrel serve as a base upon which the pump rests, and by having the diameter of the barrel greater than its length. This was first accomplished by Russell and Curtis. We find this combination in no prior device, and we think it required invention to produce it.

Claim 11 is not infringed, because the defendants' pump does not have the lining rolled into the barrel, and this is made an element of the combination; and this applies also to claim 14.

The twelfth and thirteenth claims we think are infringed. The defendants' pump has the beam or half beam pivoted to the pump within its circumference, a piston or bucket, a barrel whose length is not greater than the diameter, and a base or inwardly extending flange. The bucket in defendants' pump has not the V-shaped edge, but is connected to the half beam by a pin joint. The specification, however, describes this latter and common method of attachment, though the patentees prefer the V-shaped construction. We fail to find in any prior pumps the combinations which go to make up the twelfth and thirteenth claims of the patent.

Our conclusions are that the claims of the reissued patent are valid, and that the defendants infringe the tenth, twelfth, and thirteenth claims. Decree for complainants.

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.